Jeffrey S. Whittington, Esq. / SBN 236028
Patrick Stoltz, Esq. (admitted *pro hac vice*)
Briana A. Semenza, Esq. (admitted *pro hac vice*)
**KAUFMAN BORGEEST & RYAN LLP**
21700 Oxnard Street, Suite 1450
Woodland Hills, CA 91367
Telephone: (818) 880-0992
Facsimile: (818) 880-0993
Attorneys for Plaintiff,
**EVANSTON INSURANCE COMPANY**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EVANSTON INSURANCE COMPANY, | ) | Case Number: 3:24-cv-05067-WHO |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF EVANSTON INSURANCE** |
| | ) | **COMPANY'S OPPOSITION TO** |
| | ) | **DEFENDANTS' MOTION TO DISMISS** |
| vs. | ) | **AMENDED COMPLAINT** |
| | ) | |
| | ) | |
| JESSICA RICHMAN and ZACHARY APTE, | ) | Date:    March 4, 2026 |
| | ) | Time:    2:00 p.m. |
| Defendants. | ) | Judge:   William H. Orrick |
| | ) | Ctrm.:   2, 17th Floor |
| | ) | |
| | ) | |
| | ) | |

## TABLE OF CONTENTS

INTRODUCTION ......................................................................................................... 1

FACTUAL BACKGROUND AND RELEVANT PROCEDURAL HISTORY ......................... 3

LEGAL STANDARD ..................................................................................................... 8

ARGUMENT ............................................................................................................... 10

1.  Defendants' Motion Should be Denied Because the Amended Complaint Sufficiently Pleads Diversity Jurisdiction ................................................................................... 10

   a.  Evanston is Permitted to Plead Domicile in the Alternative ..................................... 10

   b.  The Amended Complaint Properly Pleads Allegations "Upon Information and Belief." .................................................................................................................. 11

2.  Defendants Fail to Provide Sufficient Evidence That They Were Domiciled in Germany on the Date This Action Was Commenced ........................................................... 13

   a.  Evanston Insurance Company's Objections to Defendants' Attorney Declaration and Exhibits ................................................................................................................ 18

3.  Defendants Remaining Arguments Fail ...................................................................... 19

CONCLUSION ............................................................................................................. 20

PLAINTIFF EVANSTON INSURANCE COMPANY'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

**TABLE OF AUTHORITIES**

**Cases**

*Barber v. Varleta*, 199 F.2d 419 (9th Cir. 1952) ............................................................................. 9

*Berkeley Research Group, LLC v United Potato Growers of Am., Inc.*, C 16-07205 WHA, 2017 WL 952680 (N.D. Cal. Mar. 13, 2017)..................................................................................... 13

*Bolger-Linna v. Am. Stock Transfer & Tr. Co., LLC*, No. 3:24-CV-00539-RBM-VET, 2024 WL 4713905 (S.D. Cal. Nov. 7, 2024) ........................................................................................ 8, 11

*Buschman v. Anesthesia Bus. Consultants LLC,* 42 F. Supp. 3d 1244 (N.D. Cal. 2014) ............ 18

*Cabot v. Combet-Blanc*, No. CV 10-05728-ODW AJWX, 2012 WL 95613 (C.D. Cal. Jan. 11, 2012), aff'd, 563 F. App'x 569 (9th Cir. 2014) ..................................................................... 10, 11

*Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082 (9th Cir. 2014).............................. 12

*Carrico v. City and County of San Francisco*, 656 F.3d 1002 (9th Cir. 2011) ........................... 10

*Casablanca Design Ctr., Inc. v. Closets By Design, Inc.*, 2:23-CV-02155-ODW (PDX), 2025 WL 2815500 (C.D. Cal Sept. 23, 2025) ................................................................................. 19

*City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*, 527 F. Supp. 3d 1151 (N.D. Cal. 2021) .................................................................................................................................... 14

*Core VCT Plc v. Hensley*, 59 F. Supp. 3d 123 (D.D.C. 2014 ..................................................... 16

*Dufresne v. JP Morgan Chase Bank, NA*, No. 119CV00777DADEPG, 2019 WL 4318544 (E.D. Cal. Sept. 12, 2019), report and recommendation adopted sub nom., No. 119CV00777DADEPG, 2019 WL 6727581 (E.D. Cal. Dec. 11, 2019)........................... 12, 13

*Durst v Siegler*, 04 CIV. 6981 RMB, 2005 WL 3358599 (S.D.N.Y. Dec. 7, 2005) ................... 17

*Galva Foundry Co. v. Heiden*, 924 F.2d 729 (7th Cir. 1991)...................................................... 17

*Garza v. Brinderson Constructors, Inc.*, 178 F. Supp. 3d 906 (N.D. Cal. 2016) ......................... 8

*Gaudin v. Remis*, 379 F. 3d 631 (9th Cir. 2004)........................................................................... 9

PLAINTIFF EVANSTON INSURANCE COMPANY'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

*Giannattasio v. McLaren Auto., Inc.*, No. 23-CV-00066-WHO, 2023 WL 3138979 (N.D. Cal. Mar. 26, 2023)................................................................................................8, 12, 13

*Gospel Missions of America v. City of Los Angeles*, 328 F.3d 548 (9th Cir. 2003) ....................16

*Gutierrez v. Fox*, 141 F.3d 425 (2d Cir.1998) ................................................................................9

*Hao v. Chen*, No. 10-CV-00826-LHK, 2010 WL 3910165 (N.D. Cal. Oct. 5, 2010)................17

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2019 WL 670608 (N.D. Cal. Feb. 19, 2019) ........................................................12

*Jes Solar Co. Ltd. v. Tong Soo Chung*, 725 F. App'x 467 (9th Cir. 2018), amended on denial of reh'g, 716 F. App'x 635 (9th Cir. 2018)...................................................................................9

*Kanter v. Warner–Lambert Co.*, 265 F.3d 853 (9th Cir. 2001) ....................................................17

*Lanovaz v. Twinings N. Am., Inc.,* No. 12-cv-2646-RMW, 2016 WL 4585819 (N.D. Cal. Sept. 2, 2016), aff'd sub nom., 726 F. App'x 590 (9th Cir. 2018)..........................................................19

*Leon v. Caribbean Hosp. Corp.*, 848 F. Supp. 317 (D.P.R. 1994) ...............................................14

*Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986)..............................................................................8, 17

*Mallon v. Lutz*, 217 F. Supp. 454 (E.D. Mich. 1963) ..................................................................16

*Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30 (1989) ...................................8, 9

Molokotos-Liederman v. Molokotos, No. 23 CIV. 1654 (VM), 2023 WL 5977655 (S.D.N.Y. Sept. 14, 2023) ......................................................................................................................11

*Orr v. Bank of America, NT & SA,* 285 F.3d 764 (9th Cir. 2002) ...............................................18

PAE Gov't Servs., Inc. v. MPRI, Inc., 514 F.3d 856 (9th Cir. 2007) .........................................11

*Pierce v. Cnty. of Sierra*, No. 2:11-CV-02280-GEB, 2012 WL 4050098 (E.D. Cal. Sept. 13, 2012) ..............................................................................................................................17

*Roehm v. Ford Motor Co.*, No. 18-cv-1278, 2018 WL 4520542 (S.D. Cal. Sept. 21, 2018)......13

*Romanowski v. RNI*, LLC, No. C06-6575 PJH, 2008 WL 361125 (N.D. Cal. Feb. 11, 2008) ...18

PLAINTIFF EVANSTON INSURANCE COMPANY'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

*Sadeh v. Venetian Casino Resort, LLC,* No. 2:10–cv–02224, 2012 WL 3065442 (D. Nev. July 27, 2012) ................................................................................................................................. 19

*Schwarzschild v. Tse*, No. C-90-20052-RMW (PVT), 1992 WL 448796 (N.D. Cal. Dec. 9, 1992) ............................................................................................................................................... 15

*Sloan v. Pfizer, Inc.*, No. C 08-1849 SBA, 2008 WL 4167083 (N.D. Cal. Sept. 8, 2008). ......... 18

*Tahara v. Matson Terminals, Inc.*, 152 F.3d 929 (9th Cir. 1998)................................................. 17

*United States v. Graf*, 610 F.3d 1148 (9th Cir. 2010).................................................................. 19

**Statutes**

28 U.S.C. § 1332............................................................................................................................. 8

**Treatises**

5 Charles Alan Wright et al., *Federal Practice and Procedure: Federal Rules of Civil Procedure* § 1224 (4th ed., updated 2025) .............................................................................................. 12

PLAINTIFF EVANSTON INSURANCE COMPANY'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Evanston Insurance Company ("Evanston") respectfully submits this Memorandum of Points and Authorities in Opposition to Defendants Jessica Richman's and Zachary Apte's ("Defendants") Motion to Dismiss the Amended Complaint.

## INTRODUCTION

Evanston brings this action seeking a declaration that it owes no duty to defend or indemnify Defendants under an Excess Management Liability Insurance Policy (the "Evanston Excess Policy"), in connection with various civil and criminal matters pending against Defendants in, for the most part, the Northern District of California. These civil and criminal matters all stem from Defendants' roles as officers of a now-defunct, San Francisco-based bio-tech start up called uBiome.

Following an April 2019 FBI raid of the San Francisco offices of uBiome, Defendants were married in California and then, in their own words, traveled to Germany on a "delayed" honeymoon in July 2020 and remained there only because of an illness contracted by Defendant Richman. The sole reason given by Defendants for extending their stay in Germany was Defendant Richman's purported illness, and Defendants never provided any other reason for why they remained in Germany as of the date this action was filed. Nothing in Defendants' representations regarding why they traveled to and remained in Germany remotely suggested that they intended to relinquish their previous domicile in the United States and establish a new domicile in Germany. Indeed, Defendants have not explained how and when they transitioned from being on their honeymoon and remaining in Germany only because Defendant Richman was ill, to being domiciled in that country.

Fast forward to 2026, Defendants, who are under criminal indictment stemming from their role at uBiome, as well as the subject of a Securities and Exchange Commission ("SEC") civil enforcement action and lawsuit brought by uBiome's bankruptcy trustee, are now taking the

1

position that they are U.S. citizens domiciled in Germany and thus stateless for purposes of establishing diversity jurisdiction. The fact that Defendants have failed to come forward with sworn affidavits supporting this position speaks volumes and the evidence they do rely upon (*i.e.*, a driver's license, insurance card and residence registration) does not establish that on the date Evanston filed its complaint, Defendants had manifested an intent to relinquish their old domicile in the U.S. and establish a new one in Germany. Not only is Defendants' position inconsistent with what they represented in court filings prior to the commencement of this action, their after-the-fact and self-serving argument in 2026 that they are domiciled in Germany is not what matters for purposes of examining diversity jurisdiction in any event. What matters is Defendants' domicile as of the date Evanston commenced this action in 2024.  And the *only* reliable, objective evidence of Defendants' domiciliary intent as of the date Evanston commenced this action are the representations Defendants made in court filings, wherein they unequivocally asserted that they traveled to Germany on their honeymoon and remained there only because of Defendant Richman's illness. Defendants' representations are a far cry from expressing an intent on August 12, 2024 to relinquish their previous domicile and establish a new one in Germany. Even if a defendant resides in another country (regardless for how long), that fact alone is insufficient to defeat diversity jurisdiction in this matter because residency is not synonymous with domicile and the passage of time away from one's domicile is not dispositive.

On January 12, 2026, Evanston filed an amended complaint asserting additional detailed jurisdictional allegations establishing that Defendants worked and resided in San Francisco, obtained a California marriage license and, thereafter, got married in California in 2019. Evanston alleges further that despite traveling to Germany in 2020 for their honeymoon, Defendants definitively pronounced in public filings that the *only* reason they remained in Germany was Defendant Richman's illness. In the alternative, Evanston alleges that Defendants were domiciled in Florida based upon publicly filed documents in the government's civil

2

forfeiture action establishing that Defendants owned condominium units in Miami, Florida. Defendants cannot refute the validity of these allegations so instead they take issue with the fact that they were made upon information and belief. Defendants' arguments are without merit as Evanston is entitled to assert these allegations upon information and belief given their factual basis and there is nothing that precludes Evanston from alleging in the alternative that Defendants are domiciled in Florida.

Residence does not equate to domicile, nor is it dispositive, and the simple fact that Defendants have not returned to the United States and purport to be residing in Germany, does not establish that as of the date Evanston commenced this action, Defendants had relinquished their previous domicile in California (or Florida) and established a new one in Germany. In short, the Amended Complaint sufficiently pleads diversity jurisdiction, and therefore, Defendants' Motion to Dismiss should be denied.

## FACTUAL BACKGROUND AND RELEVANT PROCEDURAL HISTORY

In 2012, Defendants co-founded uBiome, a San-Francisco based biotech start up company. (ECF No. 56 at ¶ 1).[1] Defendant Richman was uBiome's CEO, President and a member of uBiome's Board of Directors and Defendant Apte was the Chief Technical Officer, member of uBiome's Board of Directors, and at times the co-CEO of uBiome. (*Id.* at ¶¶ 3-4). As part of its business, uBiome submitted health insurance claims to private and public insurers and in exchange was reimbursed millions of dollars. (*See United States of America v. Zachary Schulz Apte, a/k/a Zachary Apte, a/k/a Zac Apte, and Jessica Sunshine Richman, a/k/a/ Jessica Richman*, Case No. CR 21-0116 CRB (the "Criminal Action"), ECF No. 1).

---

[1] Unless otherwise stated, all references to ECF numbers herein are to documents filed in this present action.

3

PLAINTIFF EVANSTON INSURANCE COMPANY'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

On April 26, 2019, federal agents executed a search and seizure warrant at uBiome's offices, located at 360 Langton Street, Suites 200 and 301, San Francisco, California. (ECF No. 56 at ¶ 30). The same day, a subpoena was issued to uBiome by the U.S. Attorney's Office for the Northern District of California. Additional subpoenas were issued in July and August 2019, by the Department of Justice ("DOJ") and the SEC in connection with an SEC investigation into uBiome's securities offerings. (*Id.* at ¶ 31).

In June 2019, Defendants were fired after uBiome's Board of Directors initiated an internal investigation into the company's practices and the Defendants' purported fraud. (*Id.* at ¶ 37). In September 2019, uBiome ceased operations and filed for bankruptcy protection. (*Id.*).

Shortly thereafter, Defendants obtained a marriage license and got married in California in December 2019. (*Id.* at ¶ 8). In July 2020, Defendants took a "delayed" honeymoon to Germany where they only remained due to Defendant Richman's illness. (*See* Exhibit A at 3, 14-16; Exhibit B at ¶ 5).[2]

On January 6 and 7, 2021, the SEC issued a Wells Notice to each of the Defendants in connection with the SEC's preliminary determination to file an enforcement action against Defendants alleging "violations of Section 17(a) of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder." (ECF No. 56 at ¶ 32).

On March 18, 2021, the SEC filed a complaint against the Defendants in the U.S. District Court for the Northern District of California, alleging that Defendants fraudulently raised approximately $60 million for their company by making numerous misrepresentations to investors, which enriched Defendants by millions each through the sale of their own uBiome shares during the 2018 "Series C" fundraising round led by Defendants (which valued uBiome at nearly $600 million). (*Id.* at ¶¶ 33-39; *Securities and Exchange Commission v. Jessica Richman*

---

[2] All references to Exhibits herein are annexed to the Declaration of Briana A. Semenza, which is filed concurrently herewith.

PLAINTIFF EVANSTON INSURANCE COMPANY'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

*and Zachary Apte*, Case No. 3:21-cv-01911 (the "SEC Civil Enforcement Action"), Complaint, ECF No. 1 at ¶ 1). Defendants' counsel in the SEC Civil Enforcement Action filed a limited or a special appearance to fight the SEC's service of the SEC's Complaint on Defendants (SEC Civil Enforcement Action, Special Appearance by Covington & Burling LLP and Faegre Drinker Biddle & Reath LLP in Opposition to SEC's Motion to Serve Defendants by Alternative Means, ECF No. 18).

Following service of the SEC's Civil Enforcement Action by alternative means due to the Defendants' extended honeymoon in Germany, the SEC's Civil Enforcement Action was temporarily stayed pending the outcome of parallel criminal proceedings pending against Defendants (SEC Civil Enforcement Action, January 5, 2023 Stay Order, ECF No. 60).

By Stipulation and Order dated September 19, 2024, the Court vacated all deadlines and approved an extension of the briefing schedule concerning Defendants' anticipated motion for an additional stay or to quash interrogatories – Defendants' motion was due to be filed on September 6, 2024, but Defendants failed to file such motion and the SEC action was unable to proceed (SEC Civil Enforcement Action, September 19, 2024 Stipulation, ECF No. 71 at 2).

On the same day the SEC Civil Enforcement Action was filed (March 18, 2021), a grand jury returned a criminal indictment against Defendants, charging them with 47 counts of, among other things, conspiracy, health care fraud, aggravated identity theft, wire fraud, securities fraud, and money laundering. (Criminal Action, ECF No. 1). These charges arose out of Defendants' development, implementation and supervision of "a series of fraudulent practices designed to deceive approving health care providers and reimbursing insurance providers regarding tests that were not validated and not medically necessary, and then falsified documents and lied about and concealed material facts when insurance providers asked questions to which truthful answers would reveal the fraudulent nature of uBiome's billing model" from November 2015 to April 2019. (ECF No. 56 at ¶¶ 40-42).

5

PLAINTIFF EVANSTON INSURANCE COMPANY'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Due to the fact that Defendants were in Germany, the criminal action halted, and other than a few notices of related cases filed by the government, and two sealed documents on March 29, 2022, the case has not proceeded.

Despite the inactivity of Defendants in the Criminal Action, and their attempt to evade service in the SEC Civil Enforcement Action, on May 27, 2021, Defendants (and their Florida land trust) proactively filed a Statement of Claim in a civil forfeiture proceeding filed in the U.S. District Court for the Northern District of California styled *United States of America v. Two Condominiums Located at 465 Ocean Drive, Units 315 and 316, Miami Beach, Florida 33139*, Case No. 3:21-cv-04060-CRB on May 27, 2021, (the "Civil Forfeiture Proceeding"). (ECF No. 56 at ¶ 43). The Civil Forfeiture Proceeding alleged that Defendants purchased condominium units in Miami, Florida with proceeds earned from their fraudulent scheme to defraud health insurance benefit programs. (ECF No. 56 at ¶ 44).

On November 15, 2021, Defendants filed a Consolidated Memorandum in Support of Claimants' Motion to Dismiss Government's First Amended Verified Complaint for Civil Forfeiture in Rem and in Opposition to the United States' Motion to Strike Claims Pursuant to the Fugitive Disentitlement Doctrine and for Lack of Standing filed in the Civil Forfeiture Proceeding (the "Consolidated Memo"). (*See* Exhibit A). In their Consolidated Memo, Defendants represented that they got married in December 2019, traveled to Germany on their postponed honeymoon in July 2020, after which Defendant Richman's illness (which she supposedly contracted in February 2020), worsened, causing an unintentional and temporary extension of Defendants' honeymoon. (*See* Exhibit A at 3, 14-16) ("Dr. Apte and Dr. Richman are residing in Germany and have not returned due to Dr. Richman's ill health.").

On September 2, 2021, an adversary proceeding was filed by the Chapter 7 Trustee in uBiome's bankruptcy proceeding against Defendants based on Defendants' alleged misrepresentations regarding uBiome's success and growth, and omissions of their allegedly

6

PLAINTIFF EVANSTON INSURANCE COMPANY'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

fraudulent practices at uBiome, during the 2018 "Series C" fundraising round, in which they raised $60 million. (ECF No. 56 at ¶¶ 47-48). Similar to the SEC Civil Enforcement Action, Defendants fought the Trustee's ability to serve Defendants through alternative means and unsuccessfully moved to dismiss the Trustee's complaint for insufficient service of process. (*See Alfred T. Giuliano, Chapter 7 Trustee, vs. Jessica Richman and Zachary Apte*, Adv. Proc. No. 21-51032, ECF No. 50).

Based on a March 25, 2022 Tiergarten District Court (Germany) Order, Defendant Richman was arrested and detained in Germany on March 24, 2022, pursuant to a June 23, 2021 petition for her extradition submitted by the DOJ in connection with the Criminal Action. (ECF No. 56 at ¶ 53). Evanston is unable to ascertain any details regarding the extradition proceeding as they are not publicly available.

On August 12, 2024, Evanston filed the instant action seeking a declaration from this Court that it owes no duty to defend or indemnify Defendants under the Evanston Excess Policy, in connection with various noticed matters described herein. Two months later, in a textbook example of forum shopping (and ostensibly to avoid having to appear in a United States court), Defendants assigned their rights to pursue coverage to a trust, and that same day, the trust filed a copycat declaratory judgment action against Evanston and two other insurers in Delaware state court. The second-filed Delaware action is stayed pending the outcome of this first-filed action.

Critically, between November 2021 (the date of Defendants' publicly-filed representations concerning why they remained in Germany) and August 12, 2024 (the date Evanston commenced this action), Defendants did not make *any* further representations regarding their status in Germany. Nothing else was known to Evanston (or publicly available) about the Defendants' domiciliary intent at the time this action was filed, other than Defendants' 2021 representations that they went to Germany on their honeymoon, and only remained there due to Defendant Richman's illness. Defendants did not make any other representations that Evanston

7

was aware of on or before August 12, 2024, and the first time Defendants asserted that they were domiciled in Germany was in connection with this Motion to Dismiss.

## LEGAL STANDARD

Diversity jurisdiction is determined based on each party's domicile. *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); 28 U.S.C. § 1332. It is well-established that the "court's determination of a party's domicile for purposes of determining whether diversity jurisdiction exists is a mixed question of law and fact reviewable under the clearly erroneous standard." *Lew,* 797 F.2d at 750.  Moreover, when diversity jurisdiction is challenged, the party seeking to establish diversity of citizenship bears the burden of proof by a "preponderance of the evidence." *Garza v. Brinderson Constructors, Inc.*, 178 F. Supp. 3d 906, 913 (N.D. Cal. 2016).  However, where, like here, a party meets its burden of presenting "plausible allegations of the jurisdictional elements" the burden shifts to the party challenging diversity to "rebut the evidence of diversity of citizenship." *Bolger-Linna v. Am. Stock Transfer & Tr. Co., LLC*, No. 3:24-CV-00539-RBM-VET, 2024 WL 4713905, at *5 (S.D. Cal. Nov. 7, 2024) (cleaned up).

Domicile requires and turns on a person's intent to remain where they reside indefinitely and although United States citizens living abroad *permanently* (*i.e.*, domiciled abroad) could be considered "stateless," for purposes of §§ 1332(a)(2) or (3), it is well established that residence does not equate to domicile and that an individual retains their old domicile until a new one is established. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (an individual retains his old domicile until he establishes a new one); *Giannattasio v. McLaren Auto., Inc.*, No. 23-CV-00066-WHO, 2023 WL 3138979, at *4 (N.D. Cal. Mar. 26, 2023) ("residing in a state does not necessarily establish domicile and citizenship of that state. While some circuits have adopted a presumption that a person's residence is prima facie evidence of domicile, the Ninth Circuit has declined to do so"); *see also Jes Solar Co. Ltd. v. Tong Soo Chung*, 725 F.

App'x 467, 469 (9th Cir. 2018), amended on denial of reh'g, 716 F. App'x 635 (9th Cir. 2018) (declining to adopt the residence presumption).[3]

An individual's "old domicile is not lost until a new one is acquired," which is not established without an actual physical presence at a new location coupled with the individual's intent to remain at the new location indefinitely. *Jes Solar Co. Ltd.*, 725 F. App'x at 469; *see also Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir.1998) ("A person's domicile, once established, is presumed to continue absent evidence that it has been changed."). Therefore, even where a party has left a state permanently, the abandoned state remains his domicile for jurisdictional purposes until a new domicile has been established. *Barber v. Varleta*, 199 F.2d 419, 423 (9th Cir. 1952) ("the common American rule [is] that one domicile is not lost until another is acquired[.]"); *see also Gaudin v. Remis*, 379 F. 3d 631, 637 (9th Cir. 2004) ("domicile includes a subjective as well as an objective component").

Both physical presence plus the intent to remain at a location indefinitely are required to establish domicile, and because Defendants have failed to satisfy their burden of proof regarding the second element of intent, their Motion to Dismiss should be denied. *Holyfield*, 490 U.S. at 48.

---

[3] Even if this Court did adopt the residence presumption rule, the presumption "only allows residence to establish prima facie evidence of domicile, and prima facie evidence only establishes a fact absent contrary evidence." *Jes Solar Co. Ltd.*, 725 F. App'x at 469. Here, the contrary evidence to a "residence presumption" that existed at the time Evanston filed this action is the fact that Defendants were domiciled in California (or Florida) before leaving on their honeymoon, together with representations and admissions made by Defendants in their filings and briefing about why they went to Germany and why they had not returned to the United States. The Court is entitled to weigh that evidence against the evidence that Richman and Apte now put forth – for the first time – to establish Germany is their new domicile (*i.e.*, the exhibits attached to their Motion to Dismiss).

9

PLAINTIFF EVANSTON INSURANCE COMPANY'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

**ARGUMENT**

1. **Defendants' Motion Should be Denied Because the Amended Complaint Sufficiently Pleads Diversity Jurisdiction.**

Evanston's Amended Complaint asserts detailed allegations that support the existence of diversity jurisdiction, which must be accepted as true given the nature of Defendants' facial attack on the sufficiency of Evanston's Amended Complaint. *Cabot v. Combet-Blanc*, No. CV 10-05728-ODW AJWX, 2012 WL 95613, at *2 (C.D. Cal. Jan. 11, 2012), aff'd, 563 F. App'x 569 (9th Cir. 2014) citing *Carrico v. City and County of San Francisco*, 656 F.3d 1002, 1006 (9th Cir. 2011) ("[a]t the pleading stage the Court must accept the facts and allegations of the [amended complaint] as true."). These allegations include Defendants' last known addresses in California and Florida before going on their honeymoon to Germany, as well as additional information clarifying their respective ties to California (and, alternatively, Florida). (ECF No. 56 at ¶¶ 5-8). The Amended Complaint also sets forth allegations establishing that prior to the commencement of this action, Defendants represented in publicly-filed documents that they were in Germany for their honeymoon and remained there only because of Defendant Richman's illness. These allegations meet the well-established pleading standards set forth in *Twombly* and its progeny and Defendants have failed to come forward with credible evidence that they relinquished their prior domicile in the United States on or before the date this action was commenced.

a. **Evanston is Permitted to Plead Domicile in the Alternative.**

In its Amended Complaint, Evanston pled in the alternative that Defendants were domiciled in Florida at the time the instant action was filed on August 12, 2024. (ECF No. 56 at ¶ 12). The factual basis of this allegation was information obtained from publicly-filed documents in, among other matters, the Civil Forfeiture Proceeding. (*See* Exhibit A at 2-3). In their Motion to Dismiss, Defendants do not actually rebut the fact that they owned property and resided in Miami, Florida. Instead, they erroneously argue that Evanston should not be permitted to allege

10

the existence of an alternative domicile. (ECF No. 57 at 4-6). Defendants' arguments are without merit as the requirements of § 1332 are clearly met where citizenship of a party is pled in the alternative and complete diversity exists under either scenario. *See Cabot*, 2012 WL 95613 at \*2 (finding a complaint properly pled diversity jurisdiction where plaintiff alleged that the defendant "is a French citizen, or in the alternative a California Citizen); *see also PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 859 (9th Cir. 2007) ("we allow pleadings in the alternative—even if the alternatives are mutually exclusive").

It is undisputed that Defendants resided and/or owned property in California and Florida and Evanston is permitted to plead in the alternative that Defendants were domiciled in either place as a basis for alleging diversity jurisdiction. The burden then shifts to Defendants to come forward with credible evidence refuting the existence of diversity jurisdiction, which then must be weighed against all other evidence establishing that they were, in fact, domiciled in California or Florida on the date this action was filed. *Bolger-Linna*, 2024 WL 4713905 at \*5. Defendants have failed to meet their burden in that regard as the evidence they rely upon does not establish a change in their domiciliary intent as of the date this action was commenced, and residence (no matter how long), is not synonymous with domicile. *Id.*; *see also Molokotos-Liederman v. Molokotos*, No. 23 CIV. 1654 (VM), 2023 WL 5977655, at \*11 (S.D.N.Y. Sept. 14, 2023) (failure to meet burden results in denial of motion to dismiss).

**b.** **The Amended Complaint Properly Pleads Allegations "Upon Information and Belief."**

Defendants also erroneously contend that Evanston cannot assert jurisdictional allegations upon information and belief. (ECF No. 57 at 5). This argument ignores the well-established rule that pleading allegations upon information and belief is proper where "the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *Dufresne v. JP Morgan Chase*

11

*Bank, NA*, No. 119CV00777DADEPG, 2019 WL 4318544, at \*4 (E.D. Cal. Sept. 12, 2019), report and recommendation adopted sub nom., No. 119CV00777DADEPG, 2019 WL 6727581 (E.D. Cal. Dec. 11, 2019) ("[t]he *Twombly* plausibility standard...does not prevent a plaintiff from pleading facts alleged upon information and belief") (cleaned up). Indeed, "[t]he Ninth Circuit has held that 'when information regarding a defendant that is necessary to establish diversity of citizenship is not reasonably available to a plaintiff, the plaintiff should be permitted to plead jurisdictional allegations as to those defendants on information and belief and without affirmatively asserting specific details regarding the citizenship of those defendants.'" *Giannattasio, Inc.*, No. 23-CV-00066-WHO, 2023 WL 3138979 at \*6 quoting *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1088 (9th Cir. 2014); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2019 WL 670608, at \*5 (N.D. Cal. Feb. 19, 2019) ("[t]he answer to the question of whether Plaintiffs had the intent to remain in California at the time they filed their complaints, a question of subjective intent that needs to be answered to definitively establish domicile and citizenship, is information that is not reasonably available at this stage in the proceedings."); *see* 5 Charles Alan Wright et al., *Federal Practice and Procedure: Federal Rules of Civil Procedure* § 1224 (4th ed., updated 2025) (noting that permitting allegations to be pled on information and belief "is a practical necessity").

Here, the Amended Complaint properly alleges that upon information and belief:

- Defendants were domiciled in California at the time this action was commenced.
- Defendant Apte was domiciled and resided at 1442A Walnut Street, #444, Berkeley, California and Defendant Richman regularly worked and resided in the Northern District of California and, at times, shared her residence in San Francisco with Defendant Apte at 45 27th Street, San Francisco, California.
- Alternatively, Defendants were domiciled in Florida and resided at 401 Ocean Drive, Miami Beach, Florida 33139,

12

- Defendants obtained a California marriage license and married in California in December 2019 and they retained their domicile in California despite traveling to Germany in 2020 for their honeymoon prior to the commencement of this action.

- Based on Defendants' publicly made representations, on or before the commencement of this action, Defendants expressed no intent to relinquish their domicile in California.

- Defendants expressed no intent to make Germany their domicile on or before the commencement of this action.

(ECF No. 56 at ¶¶ 7-9, 11).

These jurisdictional allegations were properly asserted upon information and belief because they were "based on factual information [namely, information contained in publicly-filed documents] that makes the inference […] plausible" *Dufresne*, 2019 WL 4318544, at \*4.

**2. Defendants Fail to Provide Sufficient Evidence That They Were Domiciled in Germany on the Date This Action Was Commenced.**

Defendants do not challenge the veracity of the representations they made in publicly-filed documents concerning the reason they traveled to Germany and why they did not return to the United States. Tellingly, Defendants do not provide supporting affidavits explaining when they transitioned from being on their honeymoon to being domiciled in Germany, or otherwise relinquished their previous domicile and established a new domicile in Germany. *See Giannattasio*, 2023 WL 3138979 at \*6 (party challenging diversity jurisdiction "could have submitted a declaration that he was not a resident of or domiciled in Nevada at the relevant times."); *Roehm v. Ford Motor Co.*, No. 18-cv-1278, 2018 WL 4520542, at \*2 (S.D. Cal. Sept. 21, 2018) ("[i]n the event Plaintiff was not a citizen of California at the time of removal, a simple declaration to that effect would suffice to destroy diversity."); *Berkeley Research Group, LLC v United Potato Growers of Am., Inc.*, C 16-07205 WHA, 2017 WL 952680, at \*2 (N.D. Cal. Mar. 13, 2017) ("[w]hile statements of intent in the domicile context are entitled to little weight when

13

PLAINTIFF EVANSTON INSURANCE COMPANY'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

in conflict with the facts…the total absence of an assertion of intent to remain indefinitely inserts suspicion into BRG's evidence. Without such an assertion, a permanent residence could just as well be a vacation home."). Instead, Defendants rely on extrinsic and unreliable evidence (namely, a driver's license(s), insurance card(s) and a residence registration), which are not properly authenticated, and do not establish that on the date this action was commenced, Defendants were domiciled in Germany and not California, or alternatively, Florida.[4]

Residence is not synonymous with domicile and the mere fact that Defendants obtained a driver's license and insurance card in Germany does not mean that they manifested an intent to abandon their domicile in California (or Florida) and establish a new domicile in Germany. *See Leon v. Caribbean Hosp. Corp.*, 848 F. Supp. 317, 318 (D.P.R. 1994) ("ties to the new domicile can be characterized as superficial; easy to create, at little expense or inconvenience. Checking accounts are easily opened and closed. Obtaining credit cards and check cashing cards are quickly accomplished and may not even require residency in the area. Likewise, voter registration is indicative of very little for a person who has previously shown no interest in participating in the electoral process, and obtaining a driver's license is not necessarily a complicated procedure for one who already has the skills.") This is especially true in light of evidence that Defendants were domiciled in California (or Florida) before leaving on their honeymoon and representations that Defendants only stayed in Germany because of Defendant Richman's illness. *City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*, 527 F. Supp. 3d 1151, 1194 (N.D. Cal. 2021) (wherein the Court took a "holistic review of the evidence" in reaching its "conclusion");

---

[4] The fact that Defendants omitted their U.S. passports as exhibits in their renewed Motion to Dismiss does not resolve the question of how Defendant Richman traveled to Germany on an expired passport, which this Court raised in its December 11, 2025 Order (ECF No. 51 at 5, n. 2) ("[a]ny inconsistencies (such as travel after the purported expiration of one passport in 2019) should be explained as a part of any authenticating declaration(s).").

14

PLAINTIFF EVANSTON INSURANCE COMPANY'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

*Schwarzschild v. Tse*, No. C-90-20052-RMW (PVT), 1992 WL 448796, at *5 (N.D. Cal. Dec. 9, 1992) ("evidence cannot be viewed in a vacuum").

Defendants' publicly-filed representations, which Evanston alleged in its Amended Complaint, include the following:

- "Dr. Apte and Dr. Richman were married in December 2019. Shortly thereafter, in late February 2020, Dr. Richman contracted an illness and was hospitalized. Following some improvement, the couple traveled to Europe for a postponed honeymoon in the summer of 2020. After the flight, Dr. Richman's condition worsened. Since that time, she has suffered from significant and debilitating medical conditions that often prevent her from performing the tasks of daily living. Dr. Apte serves as Dr. Richman's full- time caregiver." (*See* Exhibit A at 3).

- "Dr. Apte and Dr. Richman are residing in Germany and have not returned due to Dr. Richman's ill health." (Exhibit A at 14).

- "The only question relevant to the government's motion is whether they remain abroad for the express purpose of avoiding prosecution. As is made clear by Dr. Richman's inability to travel and need for care, they are not. Third, their travel to Germany was not "sudden." "Dr. Apte and Dr. Richman travelled abroad for their honeymoon in July 2020—more than a year after they left their jobs and almost a year before charges were filed in March 2021." (Exhibit A at 15).

- "It is uncontroverted that Dr. Richman is ill and there is currently no timeline for her recovery." (Exhibit A at 15).

- "Simply put, the lack of a timeline for recovery is not evidence that Dr. Richman or Dr. Apte remain in Germany for any reason other than her illness. Dr. Apte and Dr. Richman have been transparent with the government about their reason for remaining in Germany." (Exhibit A at 15).

15

PLAINTIFF EVANSTON INSURANCE COMPANY'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

- "Here, where they are not fugitives..." (Exhibit A at 16).
- "Where, as here, there is no evidence to suggest that Dr. Apte's and Dr. Richman's continued residence abroad is due to anything other than Dr. Richman's illness and need for daily assistance, the government has not met its burden under the Fugitive Disentitlement Statute." (Exhibit A at 16).
- "On April 13, 2021, I provided the Government a letter that stated, in part, that Jessica Richman suffers from health conditions that currently preclude her ability to travel to San Francisco for an initial appearance and which require the full-time care and assistance provided by her husband, Zachary Apte." (Exhibit B, ¶ 5).

Not only does this Court have discretion to consider these representations to be judicial admissions, they were made at a time when Defendants had no incentive to argue that Germany was their new domicile. Moreover, these representations are irreconcilable with Defendants' current contention that they relinquished their old domicile and established a new one in Germany. *See Gospel Missions of America v. City of Los Angeles*, 328 F.3d 548, 557 (9th Cir. 2003) ("[w]e have discretion to consider a statement made in briefs to be a judicial admission, binding on both this court and the trial court") (cleaned up); *see also Mallon v. Lutz*, 217 F. Supp. 454, 456 (E.D. Mich. 1963) ("physical presence alone is not determinative of domicile and self-serving declarations of intent may be negatived by other acts inconsistent with such pronouncements.").

The fact that Defendants were not physically present in California (or Florida) at the time this action was filed is not dispositive on the issue of where they were domiciled at that time and the documents attached to Defendants' Motion to Dismiss do not establish that Germany was their domicile when Evanston filed its Complaint because they do not establish an intent by Defendants to remain in Germany permanently. *Core VCT Plc v. Hensley*, 59 F. Supp. 3d 123, 126 (D.D.C. 2014) ("a prolonged absence from one's domicile is not determinative of

16

abandonment.") (internal citation omitted). While a driver's license, health insurance card and address registration are factors to consider when evaluating domicile, these documents alone are insufficient to prove Defendants maintained the requisite intent to make Germany their domicile at the time this action was filed, especially when weighed against other objective evidence of Defendants' intent. *See Durst v Siegler*, 04 CIV. 6981 RMB, 2005 WL 3358599, at *8 (S.D.N.Y. Dec. 7, 2005) citing to *Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991) (rejecting voting or driver's license as sole evidence of changed domicile because, otherwise, parties could "opt in or out of federal diversity jurisdiction" between multiple residences); *Lew* , 797 F.2d at 750; *see Tahara v. Matson Terminals, Inc.*, 152 F.3d 929 (9th Cir. 1998) (despite party's Arizona voter registration and Arizona driver's license, district court correctly found that these links were insufficient to prove residency for purposes of diversity jurisdiction); *see also Pierce v. Cnty. of Sierra*, No. 2:11-CV-02280-GEB, 2012 WL 4050098, at *7 (E.D. Cal. Sept. 13, 2012) (Nevada driver's license and vehicle registration were insufficient to prove new domicile).[5]

In short, Defendants may have established a presence in Germany, and could be domiciled there now, but they have not established by a preponderance of the evidence that at the time Evanston filed its Complaint, they had an intent to abandon California (or Florida) as their domicile and remain in Germany such that it became their new domicile. *See Hao v. Chen*, No. 10-CV-00826-LHK, 2010 WL 3910165, at *3 (N.D. Cal. Oct. 5, 2010) citing *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is his permanent home, where he resides with the intention to remain indefinitely or where he has resided in the past and intends to return."). Therefore, Defendants' Motion to Dismiss should be denied.

---

[5] It is also worth noting that the insurance cards annexed to Defendants' Motion to Dismiss do not indicate when they were issued, which limits their probative value on the issue of when Defendants decided to relinquish their prior domicile and establish a new one in Germany.

17

a. **Evanston Insurance Company's Objections to Defendants' Attorney Declaration and Exhibits.**

Evanston objects to the Declaration of Timothy A. Duffy and exhibits submitted in support of Defendants' Motion to Dismiss ("Duffy Declaration"). (ECF Nos. 57-1 to 57-6). As an initial matter, the Duffy Declaration as it pertains to Exhibits 1-5 fails to comply with N.D.L.R. 7-5(a-b), whereby declarations are required to establish any factual contentions made in support of or in opposition to a motion. The declaration must be admissible evidence of the facts involved, *i.e.*, non-hearsay statements by a competent witness; conclusory declarations are not sufficient. *Sloan v. Pfizer, Inc.*, No. C 08-1849 SBA, 2008 WL 4167083, at *2 (N.D. Cal. Sept. 8, 2008). Here, Defendants were required to provide a declaration of an individual with knowledge as to the authenticity of the documents annexed to Defendant' motion as evidence, as well as the basis of that knowledge and failed to due so. *See Romanowski v. RNI*, LLC, No. C06-6575 PJH, 2008 WL 361125, at *4 (N.D. Cal. Feb. 11, 2008) (improper authentication of documents by merely attaching exhibits to attorney declaration accompanied by the phrase "true and correct copy").

Additionally, Evanston objects to the Duffy Declaration as it pertains to Exhibits 1-6 on the grounds that it lacks foundation, lacks attestation as to personal knowledge, fails to state any basis for personal knowledge, and constitutes inadmissible hearsay. Mr. Duffy's declaration states that he has personal knowledge of the exhibits attached thereto, however, the only factual basis for this purported knowledge is that he has scanned copies of them in his file. (ECF No. 57-1 at ¶¶ 2-3). However, the case law is clear that a declaration by counsel asserting that a document is a "true and correct copy" is insufficient where a document is not self-authenticating and where counsel does not have an actual basis for stating he has personal knowledge of their authenticity other than the fact that they were in his file. *Buschman v. Anesthesia Bus. Consultants LLC,* 42 F. Supp. 3d 1244, 1247, n. 1 (N.D. Cal. 2014) citing *Orr v. Bank of America, NT & SA,* 285 F.3d 764, 773-74 (9th Cir. 2002), and *Sadeh v. Venetian Casino Resort, LLC,* No. 2:10–cv–02224,

18

2012 WL 3065442, at \*4 (D. Nev. July 27, 2012) ("[a] document cannot be authenticated merely by an attorney's declaration stating that the document is true and correct..."); *see also Lanovaz v. Twinings N. Am., Inc.,* No. 12-cv-2646-RMW, 2016 WL 4585819, at \*3, n. 1 (N.D. Cal. Sept. 2, 2016), aff'd sub nom., 726 F. App'x 590 (9th Cir. 2018) ("[a]n attorney declaration based on review of documents constitutes 'second-hand knowledge.'").

### 3. Defendants Remaining Arguments Fail.

Similar to Defendants' initial Motion to Dismiss (ECF No. 44 at 7-8), Defendants' renewed Motion to Dismiss improperly includes conclusory arguments at the end of their brief alleging insufficient process, insufficient service of process, improper venue and lack of personal jurisdiction. Each of these arguments is undeveloped and has no basis in law or fact. *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived."); *Casablanca Design Ctr., Inc. v. Closets By Design, Inc.*, 2:23-CV-02155-ODW (PDX), 2025 WL 2815500, at \*6 (C.D. Cal Sept. 23, 2025) (failure to develop arguments or unclear and undeveloped arguments support motion denial).

Defendants continue to take issue with service of process (not unlike their strategy in the various other matters they have sought coverage for), and completely ignore the fact that Evanston did serve Defendants in Germany in accordance with Fed. R. Civ. P. 4 and the Hague Convention and that Defendants unsuccessfully challenged service in the Germany courts.[6] (*See* Plaintiff's Case Management Conference Statement, ECF No. 35 at 4-5). Defendants cannot plausibly argue

---

[6] This is a common strategy employed by Defendants, which has been highlighted in other proceedings filed against the Defendants. *See e.g.,* Exhibit D, ¶ 1 ("[t]hrough their Motion, the Defendants lodge a technical defense to dismiss the Amended Complaint despite having actual notice of the lawsuit, and they seek to rely on their foreign status in Germany with an unknown address that surely will permit them to evade service through other means and delay adjudication of this matter. They want to have their cake and eat it too. But life doesn't work that way, and neither should the law.").

19

that they have not been served with the Complaint after Defendants' own appeal of service was dismissed. Moreover, Evanston has received the certificates of service from German counsel, and has filed them with this Court on February 5, 2026, establishing that proper service has been made despite Defendants' attempts to evade service. As such, there is no question that Defendants were served with the Complaint. (ECF Nos. 58-59).

In this Court's December 11, 2025 Order on Defendants' Motion to Dismiss the Complaint, the Court found that Defendants failed to present any argument to support these alternative arguments and declined to address them. (ECF No. 51 at 1, n.1). The Court should likewise disregard these undeveloped and conclusory arguments that have no merit.

## CONCLUSION

For the foregoing reasons, Evanston respectfully requests that the Court deny Defendants' Motion to Dismiss.

Dated: February 9, 2026                          KAUFMAN BORGEEST & RYAN LLP

Jeffrey S. Whittington
Patrick Stoltz (admitted *pro hac vice*)
Briana A. Semenza (admitted *pro hac vice*)
Attorneys for Plaintiff,
**EVANSTON INSURANCE COMPANY**

20