UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EVANSTON INSURANCE COMPANY,

Plaintiff,

v.

JESSICA RICHMAN, et al.,

Defendants.

Case No. 24-cv-05067-WHO

**ORDER DISMISSING THE CASE WITH PREJUDICE**

Re: Dkt. No. 57

Defendants Jessica Richman ("Richman") and Zachary Apte ("Apte") (together, "defendants") travelled to Germany from California in 2020. At the time, they and their company, uBiome, were under investigation by the Securities and Exchange Commission ("SEC") for alleged fraud in connection to their practices related to billing and communications with health insurance providers. First Amended Complaint ("FAC") [Dkt. No. 56] ¶¶ 30–31. They have not returned to California since. In their absence, the SEC continued with its investigation, the Department of Justice launched a criminal proceeding against them, and the government commenced a forfeiture proceeding *in rem* against two condominiums in Florida owned by Richman and Apte. FAC ¶¶ 33–45. Finally, a Chapter 7 Trustee for uBiome filed an adversary proceeding against Richman and Apte in September of 2021. FAC ¶¶ 46–52.

The issue in the defendants' second motion to dismiss plaintiff Evanston Insurance Company ("Evanston")'s complaint for lack of subject matter jurisdiction remains whether they were domiciled in California on August 12, 2024, when Evanston filed this lawsuit. Evanston has no relevant evidence concerning defendants' domicile in 2024, and all signs point to Germany. In my prior Order on the Motion to Dismiss ("Prior Order") [Dkt. No. 51], I held that "[w]ithout evidence, or even allegations, of domicile, Evanston's case cannot proceed here." Prior Order at 5. Despite Evanston's new allegations, I conclude that it cannot overcome defendants' facial and

factual attack on the allegations' sufficiency, and GRANT the motion to dismiss. As Evanston's complaint alleges only those facts that it raised in its opposition to the first motion to dismiss, I conclude that any further leave to amend would be futile. The complaint is DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction.

## BACKGROUND

The parties are familiar with the facts of this case, as written in my Prior Order. *See* Prior Order at 1–3. As is relevant to the instant motion, Evanston has amended its complaint to include seven paragraphs in support of its new allegation that "[u]pon information and belief, [defendants were] domiciled in California at the time this action was filed on August 12, 2024."[1] First Amended Complaint ("FAC") [Dkt. No. 56] ¶ 4. Evanston now alleges:

> 7. Upon information and belief, Defendants Apte and Richman were domiciled in California at the time this action was commenced. Defendant Apte was domiciled and resided at 1442A Walnut Street, #444, Berkeley, California.[2] Defendant Richman regularly worked and resided in the Northern District of California and, at times, shared her residence in San Francisco with Defendant Apte at 45 27th Street, San Francisco, California.
>
> 8. Upon information and belief, Defendants obtained a California marriage license and married in California in December 2019. They retained their domicile in California despite traveling to Germany in 2020 for their honeymoon prior to the commencement of this action.
>
> 9. Defendants have made multiple representations in publicly filed documents indicating that the only reason they traveled to Germany in 2020 was for their delayed honeymoon. Thereafter, they only remained in Germany for an extended period of time due to Defendant Richman's illness and hospitalization. These representations include, but are not limited to:
> - "Dr. Apte and Dr. Richman were married in December 2019. Shortly thereafter, in late February 2020, Dr. Richman contracted an illness and was hospitalized. Following some improvement, the couple traveled to Europe for a postponed honeymoon in the summer of 2020. After the flight, Dr. Richman's condition worsened. Since that time, she has suffered from significant and debilitating medical conditions that often prevent her from performing the tasks of daily living. Dr. Apte serves as Dr. Richman's full-time caregiver."

---

[1] In the alternative, Evanston pleads jurisdictional facts that defendants were domiciled in Florida at the onset of this litigation. FAC ¶ 12.

[2] Defendants provided documents in Reply demonstrating that this address belongs to a FedEx mailbox shipping location. *See* Exhs. 2, 3 [Dkt. Nos. 61-3, 61-4].

--Forfeiture Proceeding, Consolidated Memorandum in Support of Claimants Motion to Dismiss Government's First Amended Verified Complaint for Civil Forfeiture in Rem and in Opposition to the United States' Motion to Strike Claims Pursuant to the Fugitive Disentitlement Doctrine and for Lack of Standing ("Richman & Apte's Consolidated Memo"), p. 3.

- "Dr. Apte and Dr. Richman are residing in Germany and have not returned due to Dr. Richman's ill health."

  --Forfeiture Proceeding, Richman & Apte's Consolidated Memo, p. 14.

- "The only question relevant to the government's motion is whether they remain abroad for the express purpose of avoiding prosecution.  As is made clear by Dr. Richman's inability to travel and need for care, they are not.  Third, their travel to Germany was not "sudden."  "Dr. Apte and Dr. Richman travelled abroad for their honeymoon in July 2020—more than a year after they left their jobs and almost a year before charges were filed in March 2021."

  --Forfeiture Proceeding, Richman & Apte's Consolidated Memo, p. 15.

- "It is uncontroverted that Dr. Richman is ill and there is currently no timeline for her recovery."

  --Forfeiture Proceeding, Richman & Apte's Consolidated Memo, p. 15.

- "Simply put, the lack of a timeline for recovery is not evidence that Dr. Richman or Dr. Apte remain in Germany for any reason other than her illness.  Dr. Apte and Dr. Richman have been transparent with the government about their reason for remaining in Germany."

  --Forfeiture Proceeding, Richman & Apte's Consolidated Memo, pp. 15-16.

- "Dr. Apte and Dr. Richman are not fugitives."

  --Forfeiture Proceeding, Richman & Apte's Consolidated Memo, p. 12.

- "Where, as here, there is no evidence to suggest that Dr. Apte's and Dr. Richman's continued residence abroad is due to anything other than Dr. Richman's illness and need for daily assistance, the government has not met its burden under the Fugitive Disentitlement Statute."

  --Forfeiture Proceeding, Richman & Apte's Consolidated Memo, p. 16.

- "On April 13, 2021, I provided the Government a letter that stated, in part, that Jessica Richman suffers from health conditions that currently preclude her ability to travel to San Francisco for an initial appearance and which require the full-time care and assistance provided by her husband, Zachary Apte."

  --Forfeiture Proceeding, Declaration of Joel M. Hammerman in Support of Opposition to the United States' Motion to Strike Claims Pursuant to the Fugitive Disentitlement Doctrine and for Lack of Standing, at ¶ 5.

10. Defendants, as officers of uBiome, Inc., are Insureds under the Evanston Excess Policy issued to a San Francisco based biotech startup and issued in the state of California. Defendants seek coverage for various criminal and civil matters, all of which arise out of the Defendants alleged wrongful acts carried out in California as the officers and owners of uBiome.

11. Upon information and belief, and based on the various publicly made representations set forth above, on or before the commencement of this action, Defendants expressed no intent to relinquish their domicile in California.  Upon information and belief, Defendants

expressed no intent to make Germany their domicile on or before the commencement of this action.

12. Alternatively, upon information and belief, Defendants Richman and Apte were domiciled in Florida and resided at 401 Ocean Drive, Miami Beach, Florida 33139, at the time the instant action was filed on August 12, 2024, and therefore, satisfy the diversity jurisdiction requirements under 28 U.S.C §1332(a)(1).

13. Venue is proper in the United States District Court for the Northern District of California under 28 U.S.C. § 1391(b)(2) as the judicial district in which most, if not all, of the events giving rise to this litigation occurred and where most of the Various Noticed Matters were filed or initiated.

FAC ¶¶ 7–13.

Following Evanston's filing of its amended complaint, defendants again moved to dismiss on the basis of lack of subject matter jurisdiction. Motion to Dismiss ("Mot.") [Dkt. No. 57]. Evanston opposed the motion, and defendants replied. *See* Opposition to the Motion to Dismiss ("Oppo") [Dkt. No. 60]; Reply ISO Motion to Dismiss ("Reply") [Dkt. No. 61]. I held a hearing on the motion on March 4, 2026.

### LEGAL STANDARD

A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *Id.*

A challenge pursuant to Rule 12(b)(1) may be facial or factual. *See Safe Air Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the jurisdictional challenge is confined to the allegations pled in the complaint. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The challenger asserts that the allegations in the complaint are insufficient "on their face" to invoke federal jurisdiction. *See Safe Air*, 373 F.3d at 1039. To resolve this challenge, the court assumes that the allegations in the complaint are true and draws all reasonable inference in favor of the party opposing dismissal. *See Wolfe*, 392 F.3d at 362.

4

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. To resolve this challenge, the court "need not presume the truthfulness of the plaintiff's allegations." *Id.* (citation omitted). Instead, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citations omitted). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* (quoting *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003)).

Diversity jurisdiction exists under 28 U.S.C. § 1332(a), where no plaintiff is a citizen of the same state as any defendant and the amount in controversy exceeds $75,000. A "natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F. 3d 853, 857 (9th Cir. 2001). Complete diversity must exist at the time a complaint is filed, and so domicile is therefore determined at the initiation of a lawsuit. *Lew v. Moss*, 797 F.2d 747, 748 (9th Cir. 1986). A "person is domiciled in a location where he or she has established a fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely." *Id.* at 749–750 (citation modified). For cases such as this one involving citizens of the United States, "[t]o demonstrate citizenship for diversity purposes, a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." *Id.* at 749.

## DISCUSSION

As an initial matter, the parties dispute whether defendants have raised a facial or a factual attack on the pleadings. Oppo. 10 ("Evanston's Amended Complaint asserts detailed allegations that support the existence of diversity jurisdiction, which must be accepted as true given the nature of Defendants' facial attack on the sufficiency of Evanston's Amended Complaint."); Reply 3 ("This is a factual Rule 12(b)(1) challenge."). The answer is both. *See* Mot. 4 ("Defendants bring

both a facial and factual challenge.").

To review defendants' facial attack, I look to the allegations contained within the four walls of the complaint. *Wolfe*, 392 F.3d at 362. Even viewing Evanston's newly alleged jurisdictional allegations in the light most favorable to it, *see id.*, I cannot conclude that the complaint is sufficient on its face to invoke federal jurisdiction. As I concluded in my Prior Order, "Evanston has not made any allegations" in its amended complaint "of ongoing ties, or of evidence to suggest that defendants intend to return to California—or anywhere within the United States, for that matter." Prior Order at 5; *see also Kanter*, 265 F.3d at 857. Evanston has only made allegations that in 2021 defendants expressed domiciliary intent to one day return to the United States. That says nothing of the time that passed between 2021 and August 12, 2024, the date Evanston filed this action, during which defendants have remained in Germany with no indication that they intend to return, or that they intended to return on any specific date. These allegations (or, rather, lack thereof) are insufficient on their face to adequately establish jurisdiction. *See Safe Air*, 373 F.3d at 1039.

Even if Evanston had been able to survive defendants' facial challenge, however, I conclude that it still has not met its burden to properly defeat defendants' factual challenge. *See Safe Air*, 373 F.3d at 1039 ("Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."). Defendants present three properly authenticated and translated documents that are indicative of their intent to maintain their domicile in Germany. These documents are: (1) an Official Registration Confirmation of defendants' move to Germany, dated July 30, 2020; (2) German Drivers Licenses issued May 4, 2021 to Richman and April 26, 2021 to Apte; and (3) German health insurance cards with expiration dates of September 15, 2030 for Richman and June 10, 2026 for Apte. *See* Exh. 6, MTD (verified English translations of submitted documents) [Dkt. No. 57-7]. The first two sets of documents provide definitive factual support that defendants intended to change their domicile to Germany as early as July 30, 2020. And, although the German health insurance cards are persuasive of their intent to remain in

Germany at least as of this date, without a date of issuance it is impossible to tell when that intent began—and, importantly, whether it was prior to August 12, 2024.

In opposition, Evanston does not "furnish affidavits or other evidence necessary" to contest these submitted documents. *Safe Air*, 373 F.3d at 1039. Instead, it argues that defendants have not produced supporting declarations of their intent to remain in Germany (or, more importantly, an intent to remain in Germany at the time of filing), and it contests the authenticity of the documents proffered by defendants. Oppo. 13–14, 18–19. As defendants explain, given the certification of the documents, these are self-authenticating "foreign public documents," admissible pursuant to the Federal Rules of Evidence 902(3),(4) and the Federal Rules of Civil Procedure 44(a)(2) ("Means of Proving—Foreign Record").

It is not part of defendants' burden to produce any declarations of intent regarding their domicile in Germany. In *Lew v. Moss*, the Ninth Circuit explained that reviewing a number of factual factors can be relevant in determining a person's domicile (with "no single factor controlling."). 797 F.2d 747, 750 (9th Cir. 1986). These factors include: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Id.* A declaration of intent is not included as a relevant factor, and indeed an individual's intent is understood to be a manifestation of the relevant facts.

"[D]omicile is evaluated in terms of 'objective facts,' and . . . statements of intent are entitled to little weight when in conflict with facts." *Id.* Here, the only "statements of intent" presented are included in defendants' 2021 court filings, three years before this lawsuit was filed. *See* FAC ¶ 9 ("Simply put, the lack of a timeline for recovery is not evidence that Dr. Richman or Dr. Apte remain in Germany for any reason other than her illness. Dr. Apte and Dr. Richman have been transparent with the government about their reason for remaining in Germany.").

It is not for me to determine whether defendants made false representations to another court in another proceeding five years ago. It is only within my purview to review the record here to determine whether, at the time of filing of *this* case, defendants were domiciled in Germany. I

7

United States District Court
Northern District of California

can only conclude that they were.  As I wrote in the Prior Order, the language of the Supreme Court is pertinent: "The problem in this case is that [defendants], although [] United States citizen[s], ha[ve] no domicile in any State.  [They are] therefore 'stateless' for purposes of § 1332(a)(3).  Subsection 1332(a)(2), which confers jurisdiction in the District Court when a citizen of a State sues aliens only, also could not be satisfied because [defendants are] United States citizen[s]." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).  I continue to lack jurisdiction over defendants in this matter.[3]

**CONCLUSION**

For the foregoing reasons, the Motion to Dismiss is GRANTED without leave to amend.  The complaint is DISMISSED WITH PREJUDICE.  Judgment shall enter in accordance with this Order and the Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: March 10, 2026

William H. Orrick
United States District Judge

---

[3] Similar to their first motion to dismiss, defendants again raise a cursory challenge pursuant to Federal Rule of Civil Procedure Rules 12(b)(2) – (5).  MTD 10.  They acknowledge in Reply that they did so "to avoid waiver" and "preserve those objections."  Reply 9.  Because I decide their motion on 12(b)(1) grounds, I again decline to address their additional Rule 12 challenges.